## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 15-561 (JAG) |
| v. | |
| ROCKET LEARNING, LLC | |
| Defendant | |

### DEFENDANT ROCKET LEARNING, LLC'S
### MOTION FOR RECONSIDERATION OF ORDER DENYING
### MOTION TO DISMISS COUNTS ONE THROUGH TWENTY-EIGHT OF
### SUPERSEDING INDICTMENT AND REQUEST FOR EVIDENTIARY HEARING

Rocket Learning, LLC ("Rocket") by and through its attorneys respectfully petitions this Honorable Court, pursuant to this Court's supervisory powers, for reconsideration of this Court's August 15, 2018 denial of Rocket's Motion to Dismiss Counts One Through Twenty-Eight of the Superseding Indictment and request for an evidentiary hearing (Dkt. No. 936) for the reasons set forth in the accompanying Memorandum of Law.

Respectfully submitted, this August 27, 2018.

s/Juan R. Acevedo-Cruz
JUAN R. ACEVEDO-CRUZ (120701)
SUITE 501-A
BANCO COOPERATIVO PLAZA
623 AVE. PONCE DE LEON
SAN JUAN, PR 00917
Tel.: (787) 751-2341
Fax: (787) 751-2795
jr@jracevedo.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA

v.

ROCKET LEARNING, LLC

Defendant

CRIMINAL NO. 15-561 (JAG)

---

**DEFENDANT ROCKET LEARNING, LLC'S MEMORANDUM OF
LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF ORDER
DENYING MOTION TO DISMISS COUNTS ONE THROUGH TWENTY-EIGHT
OF SUPERSEDING INDICTMENT AND REQUEST FOR EVIDENTIARY HEARING**

## I.   INTRODUCTION AND PROCEDURAL HISTORY

On July 27, 2017, Defendant Rocket Learning, LLC ("Rocket") filed a Motion to Dismiss

Counts One Through Twenty-Eight of the Superseding Indictment, identified witnesses and

documents that supported its contention that the government had knowingly presented false

evidence to the grand jury, and requested an evidentiary hearing. Dkt. No. 936 at 1, 5-6, 19-20.

On August 11, 2017, this Court referred the Motion to United States Magistrate Judge

McGiverin *"for a hearing* and report and recommendation." Dkt. No. 1023 (emphasis added).

After the government opposed and Rocket replied, Judge McGiverin filed a Report and

Recommendation on December 14, 2017 recommending denial of Rocket's Motion. *See* Dkt.

No. 1112. A hearing was never held, and the Report and Recommendation did not address

Rocket's request for one. *Id.*

Rocket filed an objection to the Report and Recommendation on January 29, 2018,

pointing out the existence of material factual disputes, and renewing its request for an

evidentiary hearing. *See* Dkt. No. 1140. Rocket argued in its reply to the government's response

that material facts remained unresolved and that an evidentiary hearing would allow Rocket to demonstrate that the government had presented a grossly overstated overbilling allegation to mislead the grand jury, that the government made this presentation knowingly, and that doing so created grave doubt as to whether the grand jury was unfairly prejudiced. *See* Dkt. No. 1178. The Court denied Rocket's Motion to Dismiss and adopted the United States Magistrate Judge's Report and Recommendation by a docket notation entered on August 15, 2018. The Court did not hold a hearing and did not explain why one should not be held to resolve the factual disputes Rocket had identified in its motion and objection. *See* Dkt. No. 1275.

Rocket respectfully requests that the Court reconsider its denial of Rocket's Motion to Dismiss and its request for an evidentiary hearing for the reasons set forth below.

## II.   <u>APPLICABLE LEGAL STANDARD</u>

Rocket readily acknowledges that a defendant is not entitled to an evidentiary hearing as a matter of course. *See United States v. Panitz*, 907 F.2d 1267, 1273 (1st Cir. 1990). However, the First Circuit has instructed that the test for granting an evidentiary hearing in a criminal case is substantive, *see id.*, and that a hearing is required where "the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot be reliably resolved on a paper record." *United States v. Staula*, 80 F.3d 596, 603 (1st Cir. 1996). The "sufficient threshold showing" criteria for a hearing requires a defendant to demonstrate the existence of "factual disputes which, if resolved in his favor, would entitle him to the requested relief." *Id.* Rocket respectfully requests that this Court reconsider its docket entry Order, find that Rocket has made the threshold showing, hold an evidentiary hearing to resolve the factual dispute over whether the government knowingly misled the grand jury, and – if the government did – dismiss the Superseding Indictment.

This Court has previously recognized the propriety of granting a defendant an evidentiary hearing to afford a defendant "every opportunity to present his defense" in the context of a motion to dismiss an indictment. *See United States v. Laguna Estela*, 313 F. Supp. 2d 20, 22-23 (D.P.R. 2004) (Garcia-Gregory, J.), *aff'd sub nom. United States v. Laguna-Estela*, 394 F.3d 54 (1st Cir. 2005). In *Laguna Estela*, the defendant sought dismissal of the indictment against him based upon double jeopardy grounds. The matter having been referred to the United States Magistrate Judge and recommended for denial, the defendant filed objections and alleged a violation of his Sixth Amendment rights to be confronted with the witnesses against him. *Id.* at 22. The defendant claimed he had not been given an opportunity to examine DEA reports that were only made available to the Magistrate Judge, and more importantly, argued that he had not been given the opportunity to present evidence in his favor at a hearing. *Id.* This Court not only allowed the defendant to review the DEA reports but also granted his request for an evidentiary hearing, finding that doing so would "afford Laguna with every opportunity to present his defense." *Id.* at 23.

Just as the Court deemed appropriate in *Laguna Estela*, this Court should grant Rocket's request for an evidentiary hearing and resolve the factual disputes presented by Rocket's Motion to Dismiss. *See id.*; *cf. United States v. Santana*, 433 F. Supp. 2d 138, 140 (D. Me. 2006) (rejecting report and recommendation of U.S. Magistrate Judge and remanding for evidentiary hearing where defendant sufficiently raised factual and legal questions in connection with a motion to suppress).

## III.  ARGUMENT

The key issue raised by Rocket's Motion to Dismiss is whether the government knew at the time they sought the Superseding Indictment (SI) from the grand jury that the $954,297 fraud loss figure presented to the grand jury through government witness testimony and asserted in SI

4

¶55 grossly overstated the loss the government could prove. Dkt. No. 936 at 1, 5-6, 19-20. Rocket is entitled to an evidentiary hearing if it can show material facts are in dispute on this question.

The government represented to the grand jury that the evidence shows Rocket and thirty-three of its former employees stole $954,297. SI ¶55. The only issue for the purpose of Rocket's request for a hearing is whether the government presented this figure to the grand jury in good faith, or whether instead they knew the figure was grossly inflated and presented it to the grand jury in bad faith.

Rocket's Motion to Dismiss and Objections to the Report and Recommendation cite the following evidence to support its request for an evidentiary hearing:

- The Superseding Indictment: the SI was drafted by the United States Attorney's Office and presented to the grand jury for a vote. It represented to the grand jury that the evidence showed Rocket and thirty-three former employees had stolen $954,297 from the government by billing for tutoring services allegedly not provided. SI at ¶¶17, 33, 52, 55. It noted that the PRDOE required Rocket and all other SES providers to use a biometric system to ensure attendance was accurately recorded. SI ¶¶9, 13. At least 90% of all attendance was verified this way. SI ¶13. Finally, it represented to the grand jury that Rocket subverted the biometric system by changing the biometric profile of absent students. SI ¶¶11-12, 33.

- Bill of Particulars: the government's Bill of Particulars demonstrates that 95% of the attendance records on which the government relied for the $954,297 fraud loss figure were biometrically recorded.

- <u>Biometric Attendance Registry</u>. The biometric attendance registry shows that there was *no change* in the biometric profile of more than 90% of the students who the government alleged were absent. This demonstrates to a mathematical degree of certainty that the students the government claims were absent were in fact present.

- <u>Metadata Associated with the Biometric Attendance Registry</u>. The metadata associated with the electronic biometric attendance registry shows government agents accessed the biometric attendance registry before the grand jury returned the original indictment.

- <u>USMJ McGiverin's Summary of Grand Jury Testimony</u>. USMJ McGiverin summarized the grand jury testimony that forms the basis – in combination with SI ¶55 – for Rocket's request for an evidentiary hearing. Judge McGiverin reports that the government witness explained to the grand jury that the $954,297 figure came from totaling the amount Rocket charged for tutoring sessions for students who had been reported absent during the regular school hours but then attended a tutoring session in the afternoon. R&R, Dkt 1112 at 6. Rocket asserts – based on the facts and circumstances summarized in this motion – that the government knew *then* that the biometric evidence irrefutably undercut the fraud loss testimony and the figure cited in SI ¶55.

- <u>The Government's Conduct During Discovery</u>. The government opposed a Bill of Particulars – which was the only way to map the biometric attendance records to the fraud loss amount – tooth and nail. It took six motions over as many months to obtain the information. The government also failed to produce the biometric change in

registry data as required by *Brady*. The defendants had to obtain this evidence via *ex parte* subpoena.

The dispositive issue for whether to hold an evidentiary hearing is not whether the government gave the grand jury a facially plausible explanation for the $954,297 fraud loss figure or – as the government has phrased the issue – whether the figure is "objectively false." Dkt. 1035 at 11. The question is whether Rocket has made a *prima facie* showing that the government *subjectively believed at the time* that the figure was materially false.

The facts and circumstances referred to above at a minimum warrant an evidentiary hearing. The biometric attendance records refute completely the $954,297 figure. There was no change in the biometric registry for more than 90% of the attendance the government challenges. The overbilling allegation in SI ¶55 overstates the potential loss by approximately 1,200%.

The government's bill of particulars hoists the government on its own petard. The spreadsheets the government produced to support the $954,297 fraud loss allegation show almost the entirety of the government's overbilling allegation was predicated on a change in the biometric records. But the biometric attendance records demonstrate that the *sine qua non* changes in registry simply do not exist. *There was no change.*

The government knew this. The government cited only one method for tampering with the biometric attendance system in the superseding indictment, which the grand jury reviewed and voted on: changing the fingerprints of absent children in the biometric registry and substituting them with fingerprints of other people. This process left a telltale change in the registry.

The government subpoenaed the biometric attendance records to review the telltale changes during its investigation. The metadata associated with these electronic files shows

7

government investigators opened and reviewed the biometric change in registry records prior to the initial indictment and again prior to the return of the SI. The government knew what the change in registry data showed and knew that it completely undercut the fraud loss amount the government presented to the grand jury.

The government's actions before the grand jury support Rocket's accusation that the government knew the alleged fraud loss amount was materially false. The government did not map changes in the biometric registry to the fraud loss figure – the fraud scheme outlined to the grand jury in the superseding indictment. The government instead pivoted to a calculation process it knew to be entirely inconsistent with the biometric data. The government witness testimony cited by Judge McGiverin shows a knowing and intentional effort to mislead the grand jury.

Rocket's request for a hearing is not predicated on a challenge to the sufficiency of the evidence or an attempt to impose on the government a particular method for establishing the fraud loss amount before the grand jury. Rocket requests a hearing to resolve the question whether the government knowingly presented a loss number it knew to be false.

Finally, the government's conduct during discovery is consistent with a consciousness of wrongdoing. The government opposed producing a bill of particulars tooth and nail. That specificity offered the only means by which the defense could map the biometric attendance records to the fraud loss amount. The government also failed to produce the biometric change in registry data as required by *Brady*. The government possessed this evidence but forced the defendants to obtain it via *ex parte* subpoena. This cagey conduct during discovery demonstrates an attempt to cover up over a known, material defect, and is inconsistent with the ends of justice.

In sum, the question is not whether the government may permissibly present to the grand jury an unreliable overbilling number. The question is whether the government knew biometric data conclusively disproved more than 95% of its overbilling allegation, and nonetheless put forth a number in which it had no confidence, all to inflame the grand jury. The facts and circumstances cited above establish more than a *prima facie* showing that the government knowingly mispresented to the grand jury by an order of magnitude the size of the alleged fraud.

WHEREFORE, Defendant Rocket respectfully requests that the Court reconsider its August 15, 2018 denial of Rocket's Motion to Dismiss Counts One Through Twenty-Eight of the Superseding Indictment and further respectfully requests an evidentiary hearing.

CERTIFICATE OF SERVICE: I hereby certify that on August 24, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filling to all counsel of record in the instant case.

*s/Juan R. Acevedo-Cruz*
JUAN R. ACEVEDO-CRUZ (120701)
SUITE 501-A
BANCO COOPERATIVO PLAZA
623 AVE. PONCE DE LEON
SAN JUAN, PR 00917
Tel.: (787) 751-2341
Fax: (787) 751-2795
jr@jracevedo.com
